## ATTACHMENT A
## STIPULATED FACTS: UNITED STATES v. SIMONE HARRISON

*The United States and Defendant Simone Harrison stipulate and agree that if this case proceeded to trial, the United States would prove the facts set forth below beyond a reasonable doubt. They further stipulate and agree that these are not all of the facts that the United States would prove if this case proceeded to trial but are sufficient to prove the crime of conspiracy to commit credit card fraud.*

From in or about August 2015, to about November 10, 2015, Defendant Simone Harrison ("**HARRISON**"), along with Co-conspirator 1, Co-conspirator 2, Co-conspirator 3, and others did knowingly and willfully combine, conspire, confederate, and agree with each other and other individuals to obtain goods valued at $1,000 or more within a year completed through processing one or more access devices issued to another person, in violation of 18 U.S.C. § 1029(a)(5).

Defendant **HARRISON** was an Assistant Manager with Company A and worked primarily at Company A's store located in Lanham, Maryland. Co-conspirator 1 was also employed by Company A, but worked primarily at Company A's store located on Annapolis Road in Hyattsville, Maryland. In or about August 2015, **HARRISON** was introduced to the fraudulent scheme by Co-conspirator 1. The scheme was carried out in the following manner: On most occasions, Co-conspirator 3 and others would come into the Company A store when **HARRISON** was on duty and hand her a fraudulently obtained credit card and a stack of gift cards that were either previously displayed for sale in Company A or stolen from other locations. **HARRISON** entered the fraudulent credit card numbers provided to her by Co-conspirator 3 and others manually into Company A's cash register and loaded funds onto the gift cards. During the transactions, **HARRISON** used her Company A override authorization code to allow the transactions to be approved. Other times, **HARRISON** received a text message from Co-conspirator 2 that contained compromised and unauthorized credit card information. **HARRISON** manually entered that credit card information into Company A's cash register and loaded funds onto gift cards.

All of **HARRISON**'s illegal activity was captured on Company A's video surveillance system. For example, on September 20, 2015, Company's A's surveillance video shows **HARRISON** processing approximately 21 gift card transactions for an unidentified black male using credit card number ending 7463. Company A's transaction records show that **HARRISON** used her Company A override code to allow these transaction to get approved. Those transactions totaled $19,326.10. Also, on September 27, 2015, Company A's surveillance video shows **HARRISON** at the customer service counter alone using a hand held scanning device to process two gift cards and looking down at her cell phone and appearing the enter information into the cash register from the cell phone. Company A's transaction records show **HARRISON**'s authorization override code being used on that same day and at times consistent with the time stamp on the surveillance video processing two fraudulent gift cards in amounts of $1,011.90 each.

Occasionally **HARRISON** would meet Co-conspirator 2 or other co-conspirators outside in Company A's parking lot and would receive approximately $500 for every $2,000 to $3,000 worth of gift cards she processed.

Between August 20, 2015 and November 10, 2015, **HARRISON** processed approximately 485 gift cards purchases totaling $325,722.58 using fraudulent credit cards or credit card numbers that were supplied to her by Co-conspirator 2, Co-conspirator 3, or others working with Co-conspirator 2 and Co-Conspirator 3. Company A is a regional grocery chain that operates stores in Maryland, Pennsylvania, Virginia and West Virginia; therefore, these fraudulent transactions had an effect on interstate commerce.

***

I have read this Statement of Facts and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. I do not wish to change any part of it.

_11-29-17_  
Date

_Simone Harrison_  
Simone Harrison

I am Simone Harrison's attorney. I have carefully reviewed every part of this Statement of Facts with her. To my knowledge, her decision to sign it is an informed and voluntary one.

_11-29-17_  
Date

_Mark J. Carroll_  
Mark J. Carroll, Esq.